UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BED BATH & BEYOND, INC.,<br><br>　　　　Defendant. | Case No. 1:22-cv-01173-ADA-BAK<br><br>ORDER SETTING MANDATORY SCHEDULING CONFERENCE<br><br>ORDER DIRECTING CLERK TO ISSUE CERTAIN NEW CASE DOCUMENTS<br><br>DATE:　　December 19, 2022<br><br>TIME:　　9:00 A.M.<br><br>LOCATION: 510 19th Street, Bakersfield, CA |

Plaintiff Fernando Gastelum proceeds *pro se* in this civil action filed on September 14, 2022. (ECF No. 1). With Plaintiff's submission of the $402 filing fee, the Court enters this order setting a mandatory scheduling conference and advising Plaintiff of some of the requirements to progress this case.

**New Case Documents**

The Clerk of Court is respectfully directed to serve on Plaintiff, along with this Order, the following new case documents: (1) the District Judge's Standing Order; (2) the Magistrate Judge Consent Documents; (3) the Pro Se Informational Order; and (4) a Summons for service.

**Scheduling Conference**

Rule 16(b)(2) of the Federal Rules of Civil Procedure requires the Court to enter a

Scheduling Conference Order within 90 days after any defendant has been served, or 60 days after any defendant has appeared.[1] The Court sets a formal Scheduling Conference before the appointed U.S. Magistrate Judge at 510 19th Street, Bakersfield, CA on December 19, 2022, at 9:00 A.M.

### Service of Summons and Complaint

The Court is unable to conduct a Scheduling Conference until the Defendant has been served with the summons and complaint. Accordingly, the Plaintiff shall diligently pursue service of the summons and complaint. The Court directs Plaintiff generally to Federal Rule of Civil Procedure 4 for information on how to achieve service. Plaintiff shall promptly file proof of service of the summons and complaint so the Court has a record of service. Fed. R. Civ. P. 4(l). Plaintiff is referred to Rule 4(m), which requires that the complaint be served within 90 days from the date of the filing of the complaint. Plaintiff may move for an extension of the time to complete service if necessary. Failure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of the unserved Defendant.

Plaintiff shall also serve a copy of this Order and the above-identified new case documents on the Defendant, or, if identified, on their counsel, promptly upon receipt of this Order and the new case documents. Thereafter, Plaintiff shall file an appropriate proof of such service with the Court, in compliance with Rule 135(a) of the Local Rules for the Eastern District of California.

### Appearance at Scheduling Conference

Attendance at the Scheduling Conference is *mandatory* for all parties. Trial counsel should participate in this Scheduling Conference whenever possible. To appear telephonically, each party is directed to use the following dial-in number and passcode: **1-877-402-9757; passcode 696636.**

### Joint Scheduling Report

A Joint Scheduling Report, carefully prepared and executed by all parties, shall be electronically filed in CM/ECF by Defendant, if represented by counsel, one (1) full week prior to

---

[1] This order will refer to the parties in the singular regardless of the number of parties listed in the complaint.

2

the Scheduling Conference and shall also be emailed in Word format to CDBorders@caed.uscourts.gov. If neither party is represented by counsel, the joint scheduling report must be mailed to the Clerk of Court by one of the parties. *See* Local Rule 134(a). The Joint Scheduling Report shall indicate the date, time, and courtroom of the Scheduling Conference. This information is to be placed opposite the caption on the first page of the Report.

At least twenty (20) days prior to the Mandatory Scheduling Conference, all parties shall conduct a conference at a mutually agreed upon time and place. This should preferably be a personal conference between all parties but a telephonic conference call involving all counsel/*pro se* parties is permissible. The Joint Scheduling Report shall contain the following items by corresponding numbered paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.
2. Summary of major disputed facts and contentions of law.
3. The status of all matters which are presently set before the Court, *e.g.*, hearings of motions, *etc.*
4. *To the extent applicable*, a complete and detailed discovery plan addressing the following issues and proposed dates:
    a. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;
    b. A firm cut-off date for non-expert discovery. When setting this date, the parties are advised that motions to compel must be filed and heard sufficiently in advance of the deadlines so that the Court may grant effective relief within the allotted discovery time. The Court recommends this date be scheduled approximately nine (9) months from the scheduling conference;
    c. A date for a mid−status discovery conference that should be scheduled approximately six (6) months after the scheduling conference, or two (2) months before the non−expert discovery deadline, whichever is earliest;
    d. A firm date for disclosure of expert witnesses, required by Fed. R. Civ. P. 26(a)(2), rebuttal experts, as well as cut−off for the completion of all expert discovery. The

parties shall allow thirty (30) days between each of the expert discovery deadlines;

e. Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

f. Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

g. Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery; and

h. Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery.

**Additional Disclosures Related to Electronic Discovery**

1. <u>Discovery Relating to Electronic, Digital and/or Magnetic Data</u>.  Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their respective client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Counsel shall also conduct a reasonable review of their respective client's computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer-based evidence which may be used to support claims or defenses.

2. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference, and address the status of Electronic Discovery and any disagreements in their Statement, including:

    a. <u>Preservation:</u> The parties shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoliation.

    b. <u>Scope of E-mail Discovery:</u> The parties shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol. The parties should seek to agree on search terms, custodians, and date ranges in advance of the Conference so that any disputes can be addressed at the Conference.

    c. <u>Inadvertent Production of Privileged Information</u>: The parties should confer regarding procedures for inadvertent production of privileged electronic material, including any obligations to notify the other party, and procedures for bringing any disputes promptly to the Court.

    d. <u>Data Restoration</u>: The parties shall confer regarding whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and the parties shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data.

3. Dates agreed to by all parties for:

    a. The filing of dispositive motions (except motions *in limine* or other trial motions). The Court suggests this date be forty−five (45) days after the expert discovery deadline.

    b. A pre-trial conference date which shall be approximately one hundred sixty (160) days after the dispositive motion filing deadline.

    c. A trial date which shall be approximately sixty (60) days after the proposed pre-trial conference date.

4. The parties are encouraged to discuss settlement and must include a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they desire a settlement conference, *e.g.*, before further discovery, after discovery, after dispositive motions, *etc.* Among other things, the parties will be expected to discuss the possibility of settlement at the Scheduling Conference. Note that, even if settlement negotiations are progressing, the parties are expected to comply with the requirements of this Order unless otherwise excused by the Court.  If the entire case is settled, the parties shall **promptly** inform the Court. In the event of settlement, the parties' presence at the conference, as well as the Joint Scheduling Report, will not be required.

5. A statement as to whether the case is a jury trial or non-jury trial case. The parties shall briefly outline their respective positions if there is a disagreement as to whether a jury trial has been timely demanded, or as to whether a jury trial or non-jury trial is available on

some or all of the claims.

6. An estimate of the number of trial days required. If the parties cannot agree, each party shall give his or her best estimate.

7. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

8. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

**Scheduling Order**

Following the Scheduling Conference, the Court will issue a Scheduling Order with the benefit of the input of the parties. Once issued, the dates in the Scheduling Order shall be firm and no extension shall be given without permission from the Court.

**Lack of Participation in the Joint Scheduling Report**

If any party fails to participate in the preparation of the Joint Scheduling Report, the non-offending party shall detail the party's effort to get the offending party to participate in the Joint Scheduling Report. The non-offending party shall still file the report one (1) full week prior to the Mandatory Scheduling Conference and shall list the non-offending party's position on the listed issues and proposed dates for a schedule. Absent good cause, the dates proposed by the non-offending party will be presumed to be the dates offered by the parties. The offending party may be subject to sanctions, including monetary sanctions to compensate the non-offending party's time and effort incurred in seeking compliance with this Scheduling Order.

**Important Chambers' Information**

The parties are directed to the Court's website at www.caed.uscourts.gov for specific information regarding Chambers' procedures. Information about law and motion, scheduling conferences, telephonic appearances, and discovery disputes is provided on the Court's website.

\\\
\\\
\\\
\\\
\\\

**Sanctions for Failure to Comply**

Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference or fail to comply with the directions as set forth above, an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.

IT IS SO ORDERED.

Dated:   **September 28, 2022**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE