UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>          Plaintiff,<br><br>     v.<br><br>BED BATH & BEYOND, INC.,<br><br>          Defendant. | Case No. 1:22-cv-01173-ADA-CDB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO PROSECUTE THIS ACTION<br><br>ORDER DENYING MOTION TO RETAIN<br><br>(ECF No. 11)<br><br>**TEN-DAY DEADLINE** |

Plaintiff Fernando Gastelum ("Plaintiff") proceeding *pro se* initiated this action against Bed Bath & Beyond, Inc. ("Defendant") on September 14, 2022. (ECF No. 1). On September 28, 2022, the Court set an initial scheduling conference for December 19, 2022, and advised Plaintiff he "shall diligently pursue service of summons and complaint" and "promptly file proofs of service." (ECF No. 3).

On December 9, 2022, the Court ordered Plaintiff to show cause in writing why sanctions should not be imposed for his failure to prosecute this action and to serve the summons and complaint in a timely manner. (ECF No. 8). Plaintiff filed a response on December 19, 2022, in which represented he had reached a settlement with Defendant and that he expected to file dispositional papers within 30 days. (ECF No. 9). Although Plaintiff's representations in his filing were not

1

directly responsive to explaining why he had not served the summons and complaint, the Court nevertheless found that Plaintiff's response constituted good cause and ordered him to file dispositional papers no later than January 18, 2023.  (ECF No. 10).  The Court also vacated the Scheduling Conference scheduled for that day.  *Id.*

On the last day of his time for filing dispositional documents (January 18, 2023), Plaintiff filed a motion to retain this action on active calendar in which he asserts various reasons why he has been unable to comply with the Court's order to file dispositional documents, and requests 30 additional days to file said documents.  (ECF No. 11).  To date, Plaintiff still has not filed or otherwise returned an executed summons, Defendant still has not appeared, and the Court still has no information establishing whether Plaintiff has served the summons and complaint.

Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

The 90 days provided under Rule 4(m) for Plaintiff to complete service on Defendant of the summons and complaint is past due, and Plaintiff has offered no satisfactory explanation for his failure to comply with the Court's orders and Rule 4 in connection with service.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Based on the foregoing, IT IS HEREBY ORDERED that **within ten (10) days** of service of this order, Plaintiff **SHALL** show cause in writing why sanctions should not be imposed for failure to prosecute this action and to serve the summons and complaint in a timely manner.  Alternatively,

///

Plaintiff may file proof of service within ten (10) days demonstrating that the summons and complaint have been served.

     IT IS FURTHER ORDERED that Plaintiff's motion (ECF No. 11) is denied.

     Plaintiff is advised that failure to comply with this Order to Show Cause may result in dismissal of this action.

IT IS SO ORDERED.

Dated: **January 20, 2023**

                                    UNITED STATES MAGISTRATE JUDGE