UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>   Plaintiff,<br><br>v.<br><br>BED BATH & BEYOND, INC.<br><br>   Defendant. | Case No. 1:22-cv-01173-ADA-CDB<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR FAILING TO PROSECUTE AND TO COMPLY WITH FED. R. CIV. PRO. 4(m)**<br><br>(Docs. 12, 13) |

Pending before the Court is Plaintiff Fernando Gastelum's response to this Court's Order to Show Cause (OSC) why sanctions should not be imposed for his failure to timely serve and file summons returned executed consistent with Rule 4, Fed. R. Civ. Pro. For the reasons set forth herein, the Court declines to discharge the OSC and will recommend that the action be dismissed without prejudice for failure to prosecute, failure to comply with this Court's orders and failure to comply with Rule 4.

**BACKGROUND**

Plaintiff commenced this action on September 14, 2022, in which he raises claims against Defendant for violations of the Americans with Disabilities Act (ADA) under 42 U.S.C. §12101, *et seq.,* as well as claims under California's Unruh Civil Rights Act. (Doc. 1). On September 28, 2022, the Clerk of Court issued new civil case documents and directed Plaintiff to "diligently

pursue service of summons and complaint." Included in those documents was the Court's scheduling conference order, which referred Plaintiff to Rule 4's requirement that the complaint be timely served and explained the consequences of not doing so included dismissal of unserved defendants. (Doc. 5).

On December 9, 2022, the Court issued an Order to Show Cause (OSC) why sanctions should not be imposed for Plaintiff's failure to prosecute this action by serving the summons and complaint in a timely manner. (Doc. 8). Plaintiff timely responded with a filing in which he represented he had reached a settlement with Defendant and that he expected to file dispositional papers within 30 days. (Doc. 9). Although Plaintiff's representations in his filing were not directly responsive to explaining why he had not served the summons and complaint, the Court nevertheless found that Plaintiff's response constituted good cause and ordered him to file dispositional papers no later than January 18, 2023. (Doc 10). The Court also vacated the Scheduling Conference scheduled for that same date. (*Id.*).

On the last day of his time for filing dispositional documents (January 18, 2023), Plaintiff filed a motion to retain this action on active calendar in which he advanced various reasons why he had been unable to comply with the Court's order to file dispositional documents and requested 30 additional days to file said documents. (Doc. 11). The Court denied Plaintiff's motion because he still had not filed or otherwise returned an executed summons, Defendant still had not appeared, and the Court still had no information establishing whether Plaintiff had served the summons and complaint. (Doc. 12). Further, the Court issued a second OSC why sanctions should not be imposed (including dismissal of the action) for Plaintiff's failure to prosecute the action. (*Id*.). The Court specifically stated: "The 90 days provided under Rule 4(m) for Plaintiff to complete service on Defendant of the summons and complaint is past due, and Plaintiff has offered no satisfactory explanation for his failure to comply with the Court's orders and Rule 4 in connection with service."

On January 30, 2023, Plaintiff filed a response to the OSC in which he acknowledged he purposefully had not served Defendant. (Doc. 13). He reiterated that he expected the parties' purported settlement agreement to arrive promptly after December 12, 2022, and referred the

Court to an article available in "Fashion Network" that speculated on Defendant's financial circumstances as to why Plaintiff was unable to file dispositional documents. (*Id.*). Plaintiff represented in his response to the OSC that he did not serve process on Defendant "because he was led to believe that the case settled" and argued he "should not be punished for this by dismissal of the claim." (*Id.*).

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate ... dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

3

Here, given the Court's repeated directions to Plaintiff, the undersigned finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor – public policy favoring disposition of cases on their merits – does not weigh against dismissal, as Plaintiff has intimated as early as the original filing of the Complaint that he is pursuing a settlement with Defendant and does not wish to see resolution of this case on the merits. (Doc. 1 ¶ 16). *See Wilson v. Jones*, 2:19-cv-0249-WBS-AC-P, 2019 WL 4955030, *1 (E.D. Cal. Oct. 8, 2019) (public policy not offended where parties express desire to settle case without litigation). Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. Here, the Court issued two OSCs requiring Plaintiff to show cause why the Court should not recommend that this action be dismissed for failing to diligently pursue service. (Docs. 8, 12). Thus, Plaintiff had adequate warning that sanctions, up to and including dismissal of the case, would result from his noncompliance with the OSC. Furthermore, the recommended sanction, dismissal without prejudice, is not so harsh as to completely block Plaintiff from raising another action against Defendant. At this time, it is simply an inefficient use of the Court's strained resources to manage this case, when it appears from Plaintiff's filings that he prefers to reach an informal resolution with Defendant rather than diligently litigating this action.

Aside from his failure to comply with Court orders and failure to prosecute, there is a separate and independent reason why Plaintiff's action should be dismissed: he failed to comply with Rule 4, Fed. R. Civ. Pro. Rule 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"The rule encourages efficient litigation by minimizing the time between commencement of an action and service of process." *Elec. Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992). By its plain terms, "Rule 4(m) requires a district court to grant an extension of time when the plaintiff shows good cause for the delay." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 1040). However, after notice to Plaintiff following the expiration of Rule 4(m)'s 90-day period that the court may dismiss the action without a showing of good cause, the action properly may be dismissed absent good cause. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (affirming dismissal for failure to demonstrate good cause for service extension where plaintiff purposefully failed to serve the complaint because he intended to amend). *See also Fimbres v. United States*, 833 F.2d 138, 139 (9ths Cir. 1987) ("Intentional delay of service is more inexcusable than inadvertence.").

Although Plaintiff is proceeding *pro se*, he is no stranger to federal court procedure as he frequently files similar ADA claims and has demonstrated that he knows how to timely effectuate service.[1] But in this case, he purposefully and tactically has declined to serve the summons and complaint despite the Court's orders and referral of Plaintiff to the requirements of Rule 4(m). Accordingly, pursuant to Local Rule 110 and the Court's inherent power to sanction, as well as the requirements of Rule 4, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

### CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this case be DISMISSED without prejudice for Plaintiff's to follow court orders and prosecute the action and for failure without good cause to complete service in a timely manner pursuant to Rule 4(m).

The Court FURTHER DIRECTS the Clerk of Court to transmit a copy of this order to Plaintiff at his address listed on the docket for this matter.

---

[1] *See Gastelum v. Tc Heritage Inn 2 of Bakersfield LLC*, 1:21-cv-1230-JLT-BAK (SAB), 2022 WL 541791, *4-5 (E.D. Cal. Feb 23, 2022) (noting that Plaintiff frequently files ADA related lawsuits and citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th 2007) for the proposition that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation . . .")

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 8, 2023**__                    _____
                                                            UNITED STATES MAGISTRATE JUDGE